IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSE GOLDEN | CRIMINAL ACTION<br>NO. 19-00545 |

**PAPPERT, J.**                                                                                           March 18, 2021

## MEMORANDUM

Jesse Golden was charged by Indictment on September 17, 2019 for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). His trial, having been rescheduled several times due to the COVID-19 pandemic, is currently set to begin on May 4, 2021. On March 2, he filed a Motion *in Limine* to preclude the Government from introducing a video into evidence at the trial. The Court has now reviewed the video and held oral argument, and denies the Motion for the reasons that follow.

I

A

On May 22, 2019 a Philadelphia police officer identified Golden in a video posted to an Instagram "story" on May 12, 2019 by another individual. (Mot. *in Limine* 1–2, ECF 81-1.) The video, which is approximately ten seconds long, shows Golden brandishing a "large, black revolver with a shoddy paint job" for approximately two seconds. (*Id*. at 1); (Gov't Resp. 2, ECF 83). The gun Golden held in the video contained "a barrel that appear[ed] capable of discharging projectiles significantly larger than BBs or pellets," leading police to look into Golden and learn he was barred from

1

possessing a firearm due to prior felony convictions. (Mot. to Suppress 29, ECF 29-1.) The police also learned his home address based on an arrest report and BMV inquiry. (*Id.*) With this information, a detective applied for and obtained a warrant to search Golden's residence. *See* (*id.*). Police executed the search warrant on May 23 and found a gun in a common area and ammunition in a bedroom linked to Golden. *See* (Mot. *in Limine* 2); (Gov't Resp. 2). The Government represents the revolver recovered at Golden's home "has a distinctive look and partial paint job" that matches the one in the video. *See* (Gov't Resp. 2); (Mot. *in Limine* 3).

The video is undated, and an Instagram story does not necessarily portray events that occurred the same day it was posted. The Government has not shown the video was created on or around May 12, 2019. It also has not demonstrated the video was filmed after Golden was convicted of a felony. *See* (Mot. *in Limine* 3).

B

i

In his Motion, Golden gives three reasons why the video should not be allowed into evidence. *See generally* (*id.*). First, it is undated and thus irrelevant to whether Golden knowingly possessed a firearm and ammunition on May 23, 2019 knowing he had been previously convicted of a felony. (*Id.* at 3–4.) Second, Golden contends the only purpose for which the Government could use the video would be to show his propensity to have guns, which is impermissible under Federal Rule of Evidence 404(b). (*Id.* at 5–6.) Finally, Golden believes the video will be unduly prejudicial. *See* (*id.* at 2, 5–6).

The Government claims the video is intrinsic evidence of Golden's crimes and

therefore not subject to Rule 404(b). (Gov't Resp. 3–4.) But even if the video is not intrinsic evidence, the Government argues it is admissible under Rule 404(b) because it will be used to demonstrate Golden's knowledge of, possession and control of the firearm found in his home. (*Id.* at 4.)

ii

On March 9, the Court heard oral argument during which Golden's counsel explained that while the video is "not inherently troublesome" and does not contain prejudicial imagery, *see* (Mar. 9, 2021 Hr'g Tr. 33:5–7, 33:14–25, 62:2–7), it is unduly prejudicial because it has no proven nexus to the charged offenses, (*id.* at 33:22–25). As a result, it will likely influence the jury to find if Golden possessed a gun previously he also possessed one on May 23, 2019. (*Id.* at 33:22–25, 35:12–18, 36:6–16.) He also argued because the Government cannot establish the date of the video's recording it is not intrinsic evidence of the alleged offenses. (*Id.* at 26:7–27:3, 37:9–20.)

The Government relied less on its intrinsic evidence argument after acknowledging it is based on an assumption that the video was created on or around the day it was posted. (*Id.* at 51:7–18, 53:6–9.) The Government maintained, however, that the video could be properly introduced under Rule 404(b) because Golden's constructive possession of the gun found at his home is at issue in this case. (*Id.* at 47:19–24.) Golden lived with at least two other people at the time of the search, and while police found the ammunition in his purported bedroom, they found the gun in a common area. (*Id.* at 47:19–49:19.) The Government intends to present evidence showing that the gun found in Golden's house is the same one he held in the video, thus combatting a potential inference that the gun from the house belonged to or was

3

possessed by someone else. (*Id.* at 49:20–50:4, 53:19–54:19.)

II

A

Prior bad acts may be admitted as intrinsic or extrinsic evidence. *See United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010). Evidence is intrinsic, and not subject to Federal Rule of Evidence 404(b), only if it directly proves the charged offense or if the "uncharged acts [are] performed contemporaneously with the charged crime [and] they facilitate that commission of the charged crime." *Id.* at 248–49.

Extrinsic prior act evidence is analyzed under Rule 404(b), which prohibits evidence of "a crime, wrong, or other act" used "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The "permitted uses" of prior act evidence set forth in Rule 404(b)(2) are treated like exceptions to 404(b)(1)'s "prohibited uses," and "the party seeking to admit evidence under 404(b)(2) bears the burden of demonstrating its applicability." *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014); *see also id.* ("Rule 404(b) is a rule of general exclusion, and carries with it no presumption of admissibility.") (internal quotations and citation omitted). "Rule 404(b) must be applied with careful precision, and . . . evidence of a defendant's prior bad acts is not to be admitted unless both the proponent and the District Court plainly identify a proper, non-propensity purpose for its admission." *Id.* at 274 (citing *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013)).

Prior bad act evidence must satisfy a four-part test to be admissible under Rule 404(b). Specifically, the evidence must be:

> (1) offered for a proper non-propensity purpose that is at issue in the case; (2) relevant to that identified purpose; (3) sufficiently probative under Rule 403 such that its probative value is not outweighed by any inherent danger of unfair prejudice; and (4) accompanied by a limiting instruction, if requested.

*Id.* at 277–78 (citing *Davis*, 726 F.3d at 441).

Evidence is considered relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. For evidence offered pursuant to Rule 404(b) to be relevant, it must fit into an inferential chain "no link of which is a forbidden propensity inference." *United States v. Repak*, 852 F.3d 230, 243 (3d Cir. 2017) (internal quotations and citation omitted). Relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III

As an initial matter, the video is not intrinsic evidence of the charged offenses. Its creation date is unknown, and without a clear temporal relationship to the alleged offenses, the video cannot directly prove the crimes or be fairly viewed as a contemporaneous action that facilitated them.

The video is nonetheless admissible as extrinsic evidence under Rule 404(b) because it satisfies the four-part test. First, the Government wishes to show that the gun in the video is the same gun police found during the search of Golden's home. When evaluating whether a non-propensity purpose is at issue in a case, courts

5

"consider the 'material issues and facts the government must prove to obtain a conviction.'" *Caldwell*, 760 F.3d at 276 (citing *United States v. Sampson*, 980 F.3d 883, 888 (3d Cir. 1992)); *see also United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) ("[T]he government cannot offer Rule 404(b) evidence for a non-propensity purpose if doing so would not materially advance the prosecution's case.").

Here, the Government must prove, *inter alia*, that Golden, and not anyone else, either living in the home or with access to it, possessed the gun. *See* 18 U.S.C. § 922(g). Possession pursuant to § 922(g)(1) can be proved "in two ways: (1) by showing that the defendant exercised direct physical control over the weapon (actual possession), or (2) by showing that he exercised dominion or control over the area in which the weapon was found." *Caldwell*, 760 F.3d at 278 (citation omitted). Given that police found the gun in a common area arguably not within Golden's direct control, the Government intends to demonstrate constructive possession. *See* (Mar. 9, 2021 Hr'g Tr. 43:16–18). "[E]vidence of knowledge . . . is critical to constructive possession cases, as [a] defendant will often deny any knowledge of a thing found in an area that is placed under his control (e.g., a residence, an automobile) or claim that it was placed there by accident or mistake." *Brown*, 765 F.3d at 292 (quoting *United States v. Williams*, 620 F.3d 483, 489 (5th Cir. 2010) (internal quotations omitted)). The Government avers a proper non-propensity purpose for introducing the video under 404(b).

Second, the Government has demonstrated the video fits clearly into a logical chain of inferences consistent with its theory of its case, "no link of which is a forbidden propensity inference." *Repak*, 852 F.3d at 243. Again, the video is relevant to showing Golden's knowledge of the gun found in his home because it will show Golden possessed

6

that same gun in the video, sometime prior to the execution of the search warrant.  To the Government, the video is relevant regardless of exactly when it was taken because Golden's familiarity with and control over the gun at any point before it was found in his home makes it more probable he possessed it on May 23, 2019.[1]  Evidence showing Golden, prior to the search of his house, had the same gun found in his home would demonstrate a likelihood the gun found on May 23, 2019 was actually his.

Third, allowing the jurors to see the video would not create a risk of unfair prejudice that substantially outweighs the evidence's probative value, which is high.  Golden can certainly argue the gun belonged to someone else living in or with access to the house.  *See* (Mar. 9, 2021 Hr'g Tr. 28:17–30:25).  Indeed, Golden's counsel acknowledged at the pretrial conference the fact that this argument is available to him makes the video more probative.  (*Id.* at 28:17–30:25.)[2]  The video allows the Government to attempt to refute that argument.

Any risk of prejudice posed by the video does not substantially outweigh its probative value.  Golden may be justifiably concerned about the inference jurors may draw from a video that may have been created well before May 23, 2019.  Regardless of when the video was actually taken, it allows the Government to connect Golden to the gun.  And, in any event, the Court will provide the appropriate limiting instruction if

---

[1] Admittedly, "as [a] prior possession is further removed in time, it becomes less probative of possession on the date charged." *Caldwell*, 760 F.3d at 283 (quoting *United States v. Miller*, 673 F.3d 688, 695 (7th Cir. 2012)).  Since the video could have been created as little as eleven days prior to May 23, however the Court cannot assess any diminution in the video's probative value due to lapse of time.

[2] Golden's counsel pointed out the Government can still present evidence it has showing Golden's DNA was found on the gun police found to make its case.  *See* (Mar. 9, 2021 Hr'g Tr. 29:18–21, 30:19–24).  As the Government correctly responded, however, the Court is not required to exclude evidence just because the Government has other evidence to support its case.  (*Id.* at 43:22–25.)

requested.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.