IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JESSE GOLDEN | CRIMINAL ACTION<br>NO. 19-00545 |

**PAPPERT, J.**                                                             August 30, 2021

### MEMORANDUM

Jesse Golden moves for a new trial pursuant to Federal Rule of Criminal Procedure 33 after a jury convicted him of knowingly possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The Court denies the Motion for the reasons that follow.

### I

In May of 2019, years after Golden was convicted of multiple felonies, a Philadelphia police officer observed Golden holding a gun with several distinctive features in an Instagram video. *See* (Gov't Trial Mem. 1, ECF 58); (May 5, 2021 Trial Tr. 37:19–23, 49:4–18, 73:4–12, 157:19–159:22, 160:15–161:11, 225:7–230:21, 226:25–227:19; 228:1–229:9, 229:19–230:21, ECF 122); (May 6, 2021 Trial Tr. 7:13–9:24, ECF 123). Because of the video, officers obtained a warrant to search Golden's home, which was a rowhouse he shared with at least two other people. (May 5, 2021 Trial Tr. 57:4–13, 87:1–8, 114:14–22, 127:10–128:1.) During their search, officers found a gun with the same distinctive features as the one in the Instagram video in a cabinet drawer in a first floor common area. *See* (*id.* at 69:20–25, 118:6–17). They further found ammunition in a bedroom on the second floor where they also found Golden, mail and a

pay stub addressed to Golden and his birth certificate. (*Id.* at 57:19–58:6, 64:17–65:18, 117:6–22.)

On September 17, 2019, a grand jury returned an indictment charging Golden with knowingly possessing a firearm (Count One) and ammunition (Count Two) as a convicted felon. (Indictment 1–2, ECF 1.) A jury convicted him of both offenses on May 6, 2021. (Jury Verdict Form, ECF 112).

## II

Rule 33 of the Federal Rules of Criminal Procedure permits district courts to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 motions are disfavored and "should be 'granted sparingly and only in exceptional cases.'" *United States v. Silveus*, 542 F.3d 993, 1005 (3d Cir. 2008) (quoting *Gov't of Virgin Islands v. Derricks*, 810 F.2d 50, 55 (3d Cir. 1987)). For example, a court may "order a new trial on the ground that the jury's verdict is contrary to the weight of evidence only if it 'believes that there is a serious danger that a miscarriage of justice has occurred—that is, that an innocent person has been convicted.'" *United States v. Salahuddin*, 765 F.3d 329, 346 (3d Cir. 2014) (quoting *United States v. Johnson*, 302 F.3d 139, 150 (3d Cir. 2002)). "[W]hen a district court evaluates a Rule 33 motion it does not view the evidence favorably to the Government, but instead exercises its own judgment in assessing the Government's case." *Johnson*, 302 F.3d at 150.

## III

### A

In his Motion, Golden argues "the interests of justice . . . require" that he receive

a new trial because the evidence "established only one crime, yet the jury was permitted to deliberate and to convict [him] of two crimes." (Mot. for New Trial 1, ECF 115.) Specifically, he claims the charges against him were multiplicitous because law enforcement recovered both the firearm and ammunition from the rowhouse while executing a single search warrant. (*Id.* at ¶¶ 5–9.) Golden contends he was prejudiced by having to defend against two crimes when his conduct could only amount to one, and submitting both charges to the jury "signaled that [he] committed two crimes . . . which itself was prejudicial to the jury and is a vice of multiplicity." (*Id.* at ¶ 10.) He also believes there was stronger evidence against him regarding his possession of the gun, and "the spillover effect of the stronger evidence . . . likely caused the jury to convict [him] of possession of the ammunition as well despite the substantially weaker evidence tying him to that ammunition." (*Id.*)

B

Golden has not demonstrated the interests of justice require the Court to order a new trial. As an initial matter, the Court already ruled against Golden on these issues when it denied, after the conclusion of evidence at trial, his Motion to Dismiss the Indictment as multiplicitous, which raised virtually the same arguments Golden asserts now.[1] *See generally* (May 5, 2021 Trial Tr. 232:10–18, 238:21–239:8, 239:20–241:13); *see also* (Mar. 9, 2021 Hr'g Tr. 38:18–41:5, 42:1–9); (Mot. to Dismiss). After considering the trial evidence, and relying on *United States v. Kennedy*, 682 F.3d 244

---

[1] Golden moved to dismiss the indictment as multiplicitous both pretrial and after the conclusion of the trial evidence. *See* (Mar. 9, 2021 Hr'g Tr. 38:18–41:5, 42:1–9, ECF 85); *see generally* (Mot. to Dismiss, ECF 94); (May 5, 2021 Trial Tr. 232:10–18, 238:21–239:8). Pretrial, the Court denied the Motion without prejudice because the parties represented they would reach a resolution to consolidate the charges. *See* (Apr. 27, 2021 Hr'g Tr. 4:6–6:21, 8:17–24, 10:20–11:21, ECF 118); (Apr. 27, 2021 Order, ECF 99). But the parties failed to do so, so Golden's counsel renewed the Motion during trial and the Court ruled on it ahead of closing arguments. *See generally* (May 5, 2021 Trial Tr. 232:10–18, 238:21–239:8, 239:20–241:13).

(3d Cir. 2012), the Court concluded the indictment was not multiplicitous because the evidence showed the gun and ammunition found in Golden's home were stored separately. *See* (May 5, 2021 Trial Tr. 239:22–240:23).

Even if the charges for which Golden has now been convicted were multiplicitous, the Court resolved this issue at sentencing. *See Kennedy*, 682 F.3d at 253. The risk of multiplicitous indictments is they subject defendants to multiple sentences for the same offense, an "obvious violation of the Double Jeopardy Clause's protection against cumulative punishment." *Id.* at 255. "The interest protected by the Double Jeopardy Clause in this multiple punishment context is confined to ensuring that the total punishment [does] not exceed that authorized by the legislature.'" *United States v. Credico*, 646 F. App'x 248, 252–53 (3d Cir. 2016) (quoting *United States v. Pollen*, 978 F.2d 78, 83 (3d Cir. 1992)). Moreover, "[w]hile the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting [a defendant] for such multiple offenses in a single prosecution." *United States v. Menendez*, 137 F. Supp. 3d 709, 727 (D.N.J. 2015 (second alteration in original) (quoting *Ohio v. Johnson*, 467 U.S. 493, 500 (1984)). The Court merged Golden's convictions and sentenced him only for knowingly possessing a firearm as a convicted felon. *See* (Judgment 1, ECF 131); *cf. United States v. Felder*, No. 06-079-01, 2007 WL 172368, at *1 (E.D. Pa. Jan. 11, 2007) ("[E]ven if the counts here did involve multiplicitous counts . . . the appropriate curative response would be to merge them at the time of sentencing or to dismiss all but one of them prior to sentencing.") (citing *United States v. Blyden*, 930 F.2d 323, 328 (3d Cir. 1991)). Thus, there is "no serious danger that a miscarriage of justice has occurred."

*Salahuddin*, 765 F.3d at 346 (quoting *Johnson*, 302 F.3d at 150).

Moreover, "there is no indication in the record that the fact that [Golden] was charged with two counts rather than one in any way influenced the jury against him." *United States v. Moses*, No. 14-232, 2018 WL 563160, at *5 (E.D. Pa. Jan. 24, 2018) (internal quotations and citation omitted). Before and after the government presented its evidence, the Court told the jury that even though Golden faced two charges for two separate offenses, "an indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Golden has been indicted in making your decision in this case." (May 6, 2021 Trial Tr. 59:5–10); *see also* (May 5, 2021 Trial Tr. 17:1–4). The jury instructions and verdict form explained the jury had to independently assess Golden's guilt as to each of the offenses for which he was charged. *See, e.g.* (May 6 Trial Tr. 57:15–58:14, 58:17–60:22. 66:19–67:1); (Jury Verdict Form). To keep the jury from inadvertently conflating or consolidating the charges, the Court modified the jury instructions that suggested the jury could find Golden guilty of all charges if they thought the government proved only one possession offense. *Compare* (Proposed Jury Instructions 29, ECF 103 (characterizing the charges against Golden as a singular "offense" of "being a felon in possession of a firearm and ammunition")) *with* (May 6, 2021 Trial Tr. 59:20–60:22 (instructing the jury separately on each of the two offenses charged in the indictment)); *compare* (Proposed Jury Instructions 32, 36, 40 (explaining concepts of knowing possession and proof of prior conviction for jury to determine Golden's guilt of "this offense")) *with* (May 6, 2021 Hr'g Tr. 57:15–19, 58:8–14, 61:2–17, 62:13–24, 64:16–23 (explaining the same concepts for jury to determine Golden's guilt

of the "offenses")).² It also rejected a proposed jury verdict form that merged the two charges. *Compare* (Proposed Jury Verdict Sheet 2, ECF 102 (proposing the jury find Golden either guilty or not guilty as to "possession of a firearm and ammunition by a felon" rather than as to each of the separate charges)) *with* (Jury Verdict Form, (requiring the jury to make separate findings regarding Golden's guilt as to each charge against him)).

The Court also instructed the jury that:

> [T]he government must convince you that Mr. Golden is guilty beyond a reasonable doubt. That means that the government must prove each and every element of an offense charged beyond a reasonable doubt. . . . If having now heard all of the evidence you are convinced that the government proved each and every element of an offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense. However, if you have a reasonable doubt about one or more of the elements of an offense charged, then you must return a verdict of not guilty of that offense.

(May 6, 2021 Hr'g Tr. 57:15–19, 58:8–14.) The Court further directed that "[t]o find Mr. Golden guilty of an offense, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. . . . If you decide that the government has proved Mr. Golden guilty on one or both of the offenses charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the [verdict] form." (*Id.* at 66:20–24, 70:2–5.) The jury unanimously found Golden guilty of both charged offenses having received these instructions and without asking the Court any questions during deliberations. *See* (Jury Verdict Form); (May 6, 2021 Trial Tr. 72:17–74:11).

---

² Before the Court instructed the jury, Golden's counsel objected to any references in the jury instructions and verdict form to firearm and ammunition possession being two separate charges against Golden. *See* (May 6, 2021 Trial Tr. 41:14–42:8, 45:1–6.) The Court overruled the objection consistent with its ruling on counsel's Motion to Dismiss the indictment as multiplicitous. (*Id.* at 41:25–42:2.)

An appropriate Order follows.

                                               BY THE COURT:

                                               ***/s/ Gerald J. Pappert***
                                               GERALD J. PAPPERT, J.